## Lottie E. Fish, Defendant in Error, v. William H. Fish, Plaintiff in Error.

### Gen. No. 20,816.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 14, 1915.

### Statement of the Case.

Action by Lottie E. Fish against William H. Fish for a rule to show cause why defendant should not be attached for contempt because of his failure to comply with a divorce decree requiring him to pay $12 per month for the support and education of their child. A motion of defendant to dismiss the rule was denied and he then filed his answer. A hearing was had and a decree entered that $384 was due to complainant, that defendant was in contempt of court and that he be arrested and placed in the county jail until the sum was paid, or he was otherwise released by due process of law, but that his imprisonment should not exceed six months. Defendant appealed, but his appeal was not perfected and was afterwards dismissed with an order that *procedendo* issue. On filing a copy of the order, the sheriff attached the defendant and he sued out this writ of error.

W. H. FISH, *pro se* and E. M. SEYMOUR, for plaintiff in error.

FRED A. BANGS, for defendant in error; RICHARD H. COLBY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CONTEMPT, § 58*—*when rule to show cause is authorized.* A rule to show cause is authorized where a petition shows that the defendant .was ordered by a divorce decree to pay a certain sum of · money each month to the complainant for the support and maintenance of their child, and that the order was not complied with.

2. CONTEMPT, § 70*—*when order not erroneous.* In contempt proceedings, brought because the defendant failed to comply with a decree requiring payment of a certain sum each month to the complainant for the support of their child, an order requiring payment of the amount found due was not erroneous because it failed to state to whom the money was to be paid, it being apparent that it was to be paid to complainant.

3. CONTEMPT, § 61*—*what is effect of answer.* In a civil contempt proceeding, the sworn answer of the defendant is not sufficient to purge him of contempt.

4. CONTEMPT, § 64*—*what is necessary at trial.* In a civil contempt proceeding, it is not necessary to file interrogatories.

5. CONTEMPT, § 73*—*when findings are presumed supported by evidence on writ of error.* Where the record states that the court having heard the evidence did find it, etc., it will be presumed, in the absence of a certificate of evidence, that the evidence was sufficient to support the findings.